TUCKER, Judge.
Here the plaintiffs, Charles J. Derbes, Jr., Mrs. Joyce Gelpi Barkerding, Marcel G. Gelpi, Mrs. Lucille G. Gelpi and Mrs. Russell Gelpi Diaz, brought suit against the defendant, Louis C. Cadenhead, to recover a real estate commission, damages, and attorney fee, claimed in the original petition to amount to the total sum of $12,500.00. By amendment of the original petition filed on May 12, 1966, the demand was reduced to the total sum of $5,820.00, divided into the first amount of $3,320.00 as damages and sales commission, and secondly, the sum of $2,500.00 as attorney fee. The suit arises from a contract dated December 14, 1964, wherein the plaintiffs agreed to sell and defendant agreed to purchase on or before February 15, 1965 a tract of land generally described as Units 1 and 2, Square 8, Unit 2, Square 9 and that portion of Newland Street lying between Square 8 and Square 9, Section D, Pon-chartrain Gardens Subdivision, situated in the Parish of Jefferson, State of Louisiana, more particularly described in the contract which is a part of the record, for the price and sum of $112,000.00. The said contract provided for a down payment in cash by the purchaser of $4,000.00. The contract imported, inter alia, specific performance and, alternatively, the right of the plaintiffs to exact of the defendant the real estate commission fixed at the sum of 6% of the total sales price and such other damages as plaintiffs might experience due to defendant’s failure to perform his duties and responsibility under the subject contract.
On this score the contract contains the following pertinent provisions:
(line 37) “In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.”
(line 40) “In the event the deposit is forfeited, the commission shall be paid out of this deposit, reserving to the seller the right to proceed against the purchaser for the recover of the amount of the commission.”
The initial check of defendant in the sum of $4,000.00 was returned by the drawee bank marked “N.S.F.”, but later the required deposit was made good by two other checks which cleared. Although the sellers made the survey and resubdivision work required by Jefferson Parish (Exhib *190 it 6 and Tr. 50), incurring certain expenses therefor, as well as attorney fees, and stood ready on February 15, 1965 (See Notarial Statement, Exhibit 5) to transfer title to the property in question, the defendant having been notified by certified mail, did not appear, and the sale was never consummated. The defendant interposed an exception of no cause and no right of action, which was referred to the merits by the trial judge.
On April 6, 1965 the lower court rendered and signed judgment in favor of the plaintiffs in the sum of $2,720.00, representing the balance due on the real estate commission, the sum of $560.08 for expenses, bearing legal interest from the date of judicial demand until paid and the amount of $750.00 as attorney fees. From this judgment defendant devolutively appealed.
The defendant urges the following errors to have been committed: (1) That a real estate broker such as plaintiff, Charles J. Derbes, Jr., cannot contract with himself to collect a commission, citing C.C. Arts. 1761 and 1765 in support thereof; (2) That a person or persons such as the other plaintiffs, not licensed real estate brokers, cannot recover a real estate brokerage fee in the courts of this state under the provisions of L.R.S. 37:1450 and L.R. S. 37:1431; and (3) that the award to plaintiffs of attorney fees was not justified because “no testimony or evidence whatsoever was introduced or even offered as to the attorney fees” in the trial court (p. 4, appellant’s brief).
The facts involved appear to be undisputed, and only questions of law have arisen for disposition. We find the codified and statutory law and the jurisprudence cited by the defendant-appellant to be wholly inapposite and inapplicable to the facts at hand.
The codal articles cited by appellant forbidding a person from contracting with himself have no bearing on the situation with which we are confronted. The subject contract was obviously confected between the plaintiffs on the one hand and the defendant on the other hand. The contract imposed certain duties and responsibilities on the plaintiffs, all of which they discharged completely, and in like manner the other separate and distinct duties required by the contract of the defendant were not performed, and he was, therefore, clearly in default, and rendered himself liable for his failure to comply with his obligations. Appellant’s double-barrelled argument that plaintiff, Charles J. Derbes, Jr., without contradiction, a duly licensed real estate broker, cannot collect a commission on the one-half of the property which he owns for the reason that if he were allowed to do so, this would have the effect of his contracting to pay himself the commission on his own percentage interest, and that neither Derbes, Jr. nor the other plaintiffs should be allowed to collect a commission on their interests because this would be permitting unlicensed persons to recover brokerage fees, is wholly specious and unrealistic. As a matter of fact the judgment of the lower court has not in any sense of the word increased the burden except as hereinafter noted, of the defendant’s obligations under the contract. The facts show that the plaintiffs’ demands were within the four corners of the contract, and the adoption of defendant’s main thrust would allow him to go scot free of the liability he has incurred by defaulting the contract. Of course, it is true that defendant does alternatively say that, if there is a real estate commission due for the one-half of the property owned by the plaintiffs other than Mr. Derbes, the down payment of $4,000.00 would more than cover this item, and the other expenses incurred.
In spite of appellant’s ardent contention that where the law prohibits specifically a person from contracting with himself, which the facts do not reveal to have been *191 the case here, the provisions of C.C. Articles 1903, 1904 and 1966 bearing on usage, equity and custom in considering a particular contract seem to be pertinent. Uncontradicted testimony is adduced (Tr. 47-49) that it is the custom in the real estate business for an individual who is a licensed real estate broker and who is selling property belonging to himself, to charge a commission, also. Irrespective of this analysis the obligations of the defendant under the contract have in no wise been increased by the instant judgment.
Although the judgment runs in favor of the plaintiffs collectively, in Article 4 of their amending petition, petitioners aver that the balance on the real estate commission of $2,720.00 is still owed to Charles J. Derbes, Jr. Of course, all of the plaintiffs have a collective interest in recovering the damages such as the survey cost for the resubdivision and the attorney fees.
The cited case of Buras v. Fidelity & Deposit Co. of Maryland, 197 La. 378, 1 So.2d 552 (1941), is inapposite here because it deals with whether or not a real estate broker is licensed and, therefore, covered by the surety bond involved, and has nothing to do with a broker fee.
There is no proof tendered either by testimony or documentary evidence which would justify awarding the special sum of $750.00 as attorney fees. The sum of $560.08 awarded as damages includes the fee of Price and Francipane, attorneys, for their services in accomplishing the re-subdivision of the tract (See Exhibit P-7) as well as the survey and plat costs of $260.08.
The judgment of the lower court is amended to exclude the special amount of $750.00 awarded as attorney fees, and as thus amended the judgment is affirmed at the costs of the defendant.
Amended and affirmed.